■ **Melvin Dubinsky**, Appellant, v **American Arbitration Association** et al., Respondents. [758 NYS2d 18] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered October 29, 2001, which granted defendant Prudential's motion to dismiss the complaint against it pursuant to CPLR 3211 (a) (1) and (7) and granted defendant American Arbitration Association's cross motion for summary judgment dismissing the complaint against it pursuant to CPLR 3212, unanimously affirmed, without costs.

Assuming, arguendo, that the March 1999 letter to plaintiff was a binding agreement, it did not obligate defendants to as-

sign him any specific number of claims for review. Prudential was justified in advising the American Arbitration Association (AAA) that plaintiff had been removed as a claims appeals reviewer pursuant to the manual governing the class action settlement, which provided for termination of an appeals reviewer's services upon a determination by two out of three of the parties involved in conducting or administering the alternative dispute resolution procedures. In view of such justification,, there was no basis for plaintiff's tortious interference claim against Prudential (*see Unger v Paul Weiss Rifkind Wharton & Garrison*, 265 AD2d 156 [1999]). The breach of contract claim against AAA was properly dismissed since, once others had determined to remove plaintiff, AAA lacked authority to assign him any claims for review. We note that the absence of any breach by AAA is a further ground for dismissal of the tortious interference claim against Prudential (*see NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 620-621 [1996]).

We have considered plaintiff's other contentions and find them unavailing. Concur—Buckley, P.J., Nardelli, Andrias, Ellerin and Friedman, JJ.